### Commonwealth *vs.* Josephus Slate & another.

No exception lies to the refusal of the presiding judge, on the trial of an indictment containing several counts, to oblige the district attorney to elect upon which count he will rely.

An indictment for receiving stolen goods need not name the thief.

On an indictment against two for receiving stolen goods, one may be convicted and the other acquitted.

On the trial of an indictment for receiving stolen goods, which alleges the receipt of a sheep

and of honey in the comb, evidence that mutton tallow and strained honey were found on the defendant's premises is admissible in connection with evidence that a sheep was killed and honey strained there.

INDICTMENT, containing nine counts, against Josephus Slate and Susan Ryther, for receiving stolen goods.

At the trial in the court of common pleas in Franklin, before *Sanger*, J., the defendants, both before and after the evidence for the Commonwealth had been put in, requested the court to direct the district attorney to elect upon which count he would rely. But the court declined so to do.

The defendants further objected to several of the counts, because they did not state by whom the larcenies of the goods alleged to have been received by the defendants were committed. But the judge overruled the objection.

As the defendants were jointly indicted, they requested the court to instruct the jury, " that it was necessary for the government to satisfy them of a joint receipt, or of a jointly assisting and aiding in the concealment by the defendants, of the goods alleged to have been stolen in either of the counts upon which they should convict them ; and that unless they should be satisfied that they thus acted jointly, they could not convict either, although they might be satisfied that either separately received or aided in the concealment of the property described." The court declined so to instruct the jury, but did instruct them in reference to this part of the case, among other things not objected to, " that they should pass upon each count separately, as if it were a separate indictment ; and that under the several counts of the indictment, in case they were satisfied beyond a reasonable doubt that the defendants jointly received or aided in the concealment of the property described in any particular count, they could find both the defendants guilty under such count ; but if the evidence failed to satisfy them that the defendants jointly received or aided in the concealment of such property, and if it did satisfy them beyond a reasonable doubt that either of the defendants did so receive it, or aid in its concealment, they could find such defendant guilty and the other defendant not guilty."

" The district attorney, during the trial, asked a witness, who by virtue of a search warrant had searched the premises occupied by the defendants, what he found on those premises ? The witness, in the course of his answer, among other things said he found there some honey which had been strained, a cloth through which honey had been strained, a considerable quantity of mutton tallow and some mutton scraps. The defendants' counsel objected to this testimony, on the ground that none of these articles were mentioned in any count of the indictment. The district attorney contended that the fact that strained honey, and a cloth through which honey had been strained, and the mutton tallow and scraps, had been found there, was a circumstance proper to be considered by the jury as tending, (in connection with other testimony, to be subsequently offered,) to connect the defendants with the receiving or aiding in the concealment of a sheep, and of some honey in the comb, alleged in the indictment to have been stolen. And testimony subsequently offered tended to show that such sheep had been killed and dressed on said premises, and that Ryther cooked a portion of the flesh; and also that the honey in the comb had been carried to the premises, and Ryther promised to strain the honey. The court permitted the fact that these articles were found on the premises to go to the jury; and the several articles were taken by the jury to their room.

" The jury found the defendant Slate guilty on the first and fourth counts, and not guilty on the residue of the indictment; and the defendant Ryther guilty on the fourth count, and not guilty on the rest." The defendants alleged exceptions.

*I. F. Conkey*, for the defendants.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

DEWEY, J. 1. No exception lies to the refusal of the court upon the motion of the defendants, to direct the district attorney, before opening the case to the jury, to elect which of several distinct counts he would proceed upon ; nor to the similar refusal upon a motion to the like effect after the government had presented their evidence in the case, and before the defence was opened. The very object of the introduction of different

counts into the indictment, adapted to meet the case as disclosed upon the evidence, might be defeated by granting such a motion.   However proper it might be in some cases for the presiding judge thus to confine the public prosecutor, and require such election, yet his refusal so to do is not a matter to be reviewed on exceptions taken to a higher court.   Matters within the discretion of an inferior tribunal are not grounds of exception under the statute.   *Reynard* v. *Brecknell*, 4 Pick. 302 *Commonwealth* v. *Wood*, 4 Gray, 11.

2. It is objected to the fourth count, that it does not set forth by whom the larceny was committed.   But the objection cannot be maintained, the offence charged upon the defendants being that of receiving stolen goods, knowing them to be stolen. Of course a larceny must be proved by the evidence, but the party committing it need not be named in the indictment.   *Rex* v. *Jervis*, 6 Car. & P. 156.   *Commonwealth* v. *King*, 9 Cush. 284. Roscoe Crim. Ev. (3d ed.) 868.

3. As to the conviction of Joseph Slate on the first count, it is said that no judgment should be entered thereon, as the charge in the indictment was a joint one, and the jury have found the other defendant, Susan Ryther, not guilty on that count.   Some authority to this effect seems to be found in the case of *Rex* v. *Messingham*, 1 Moody, 257.   But from subsequent cases, and upon principle, there can be no question as to the propriety of convicting one and acquitting another of the defendants, when the charge does not involve from its character, as in the case of a charge of a conspiracy or a riot, the united act of two or more individuals to constitute an offence in either. In all other cases the joinder of two or more persons in an indictment does not require that all should be found guilty or none.

The case of *Regina* v. *Dovey*, 2 Denison, 92, and other cases subsequent to that of *Rex* v. *Messingham*, explain and illustrate the principle and the extent to which it is to be carried in the matter of charging a joint felony in receiving stolen goods, knowing them to be such.   To sustain a joint charge against two for one and the same offence, there must be a

joint receipt at one and the same time; and a receipt of goods by one of the parties at one time and place, and a subsequent receipt by another, will not sustain the joint charge, but will authorize the conviction of the party who first received them. He is properly found guilty of the offence of receiving stolen goods. So the entire acquittal of one of two parties charged exonerates that party, but leaves the indictment valid and effectual as against the one found guilty by the jury. There is nothing in the present case to take it out of the ordinary rule of entering judgment of conviction against a party found guilty by the jury, where the evidence has been found insufficient to sustain the indictment against another alleged participator.

4. The evidence as to certain articles found on the premises of the defendants by the officer who executed the search warrant, was, for the purposes and under the limitations stated, properly admitted by the court.        *Exceptions overruled.*